26173. OGBURN v. CALHOUN.

DECIDED MAY 22, 1937.

*I. W. Rountree,* for plaintiff in error.

*A. S. Bradley, Felix C. Williams, J. E. Powell Jr.,* contra.

SUTTON, J. On March 1, 1923, a judgment was rendered in favor of the Citizens Bank of Vidalia against Clarissa Williamson, Clara Williamson, and G. B. Williamson in the sum of $1867.29. Execution was duly issued and on March 22, 1923, it was transferred to B. S. Calhoun. On February 20, 1930, he caused the execution to be levied on a tract of land as the property of the estate of Clara Williamson, who in the meantime had died, the property being in the possession of J. S. Ogburn, her husband, as her sole heir at law. He interposed an affidavit of illegality. On the trial of the issue so raised the court directed a verdict for the plaintiff in fi. fa., reciting in his order: "This court holds that the illegality is a plea of payment. In one sense it is a plea of specific performance, and must be definite as to its terms, description of land, and the amounts to be paid; and I think, as far as the rents and land is concerned, it is out of the case. The credits having been eliminated by agreement, I direct a verdict for the plaintiff in the case. Allow the credits, and take your verdict." The facts on which the verdict was directed are discussed hereinafter. The defendant filed a motion for new trial on the general grounds, and by amendment added several special grounds. The court overruled the motion and the defendant excepted. The only grounds insisted on and argued in the brief of counsel for the plaintiff in error are that the evidence did not demand a verdict for the plaintiff in fi. fa.; that it was error for the court to direct the verdict in his favor; that there was full performance of the agreement with Calhoun, the plaintiff in fi. fa., and therefore that the alleged agreement was not required to be in writing; that the plea of payment, as the court held the affidavit of illegality to be in substance, was sufficiently proved; and that the questions of fact were solely for the determination by the jury. These grounds may be disposed of together.

The evidence on the trial was substantially as follows: B. S. Calhoun, the brother of Mrs. Clarissa Williamson, was for many years after the death of her husband her sole confidant and advisor in the management of her business affairs. In 1919 she desired to purchase for her daughter, Clara Williamson, the interest of her son, Cleve Williamson, in the home place left by her deceased husband. The necessary money was obtained from the Citizens Bank of Vidalia on the note of herself, Clara Williamson, and G. B. Williamson. Being later pressed by creditors, Mrs. Williamson was advised by her brother, B. S. Calhoun, to make a lease of another piece of property, consisting of 100 acres of farm land, to Onie Williamson, the daughter of Calhoun and the wife of G. B. Williamson, son of Mrs. Clarissa Williamson. Whether the lease was in writing or was oral is not shown by any evidence. It was testified by members of the family that it was the understanding between Mrs. Williamson and Calhoun that the proceeds of the property would be applied by him in satisfaction of her indebtedness, including the debt due the bank. The latter had been renewed from time to time, and on January 27, 1921, at Calhoun's suggestion, Mrs. Williamson quitclaimed the 100-acre farm to Onie Williamson, the deed reciting a consideration of $750 which Mrs. Williamson denied ever having received. This deed, according to the evidence, though it contained no recitals to that effect, was executed with the understanding that the proceeds of the farm would be used by Calhoun in settlement of Mrs. Williamson's debts; and there was some testimony to the effect that after the debts were paid it was the desire of Mrs. Williamson that the property permanently belong to Onie and G. B. Williamson, but it was not shown that Calhoun's alleged promise to apply the rents and profits was based on any such condition or any consideration flowing to him. His promise was, in fact, not otherwise than entirely gratuitous. At his further suggestion, Mrs. Clarissa Williamson had divested herself of all of her property before the time he acquired the transfer of the fi. fa., and G. B. Williamson had likewise conveyed to his wife, Onie Williamson, all of his property, with the result that Mrs. Clarissa Williamson and he were thereby rendered insolvent. In October, 1924, Ogburn married Clara Williamson. She died in April, 1925. On February 11, 1930, Calhoun caused the levy to be made on the home

place, and an affidavit of illegality was filed by Ogburn, as above set out.

The evidence showed that Calhoun had received $647.80 from the sale of certain turpentine from the property involved, and that Ogburn had acquiesced in Calhoun's appropriating such fund and applying it as a credit on the indebtedness represented by the fi. fa. He also received $8 which was properly deductible from the amount of the fi. fa. But there is nothing in the evidence which shows that any other amounts were received by him as returns from any of the property. There is no testimony that he agreed to pay any rentals for the property which went into Onie Williamson or that any rents and profits were realized therefrom. Onie and her husband lived thereon, but how they subsisted is not shown. Nor is it shown that she had in her possession any funds, from the operation of the farm, to which Calhoun was entitled and which could be used as a credit against the fi. fa. Altogether, the evidence was vague and indefinite as to payment. This case was tried in the city court of Swainsboro, and no question is involved except as to whether or not Calhoun received enough rents and profits to offset the indebtedness represented by the fi. fa. In that respect the only evidence that could possibly be invoked by the plaintiff in error is that which was given by one witness to the effect that the 100-acre farm was reasonably worth a yearly rental of $600 for 1919, 1920, 1921, and 1922, when it was in the possession of Onie Williamson. That testimony is not equivalent to charging or showing that Calhoun received such an amount, or any amount, from the operation of that farm by Onie Williamson. Nor is it shown by any evidence that he agreed to forestall the levy of a fi. fa. by the bank or refrain from purchasing it himself. How long he was to wait for any rents and profits to accumulate for use in discharging the debts of Mrs. Clarissa Williamson is not shown. No reason appears why he was not legally entitled to have the levy made and realize for himself the full amount of the fi. fa., less the admitted credits of $647.80 and $8. The evidence demanded such a finding, and the court did not err in directing the verdict for the plaintiff, subject to such credits against the fi. fa. It follows that the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*